**CHRISTENSEN JAMES & MARTIN, CHTD.**
Wesley J. Smith (11871)
Kevin B. Archibald (13817)
Dylan J. Lawter (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: wes@cjmlv.com, kba@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada and California Glaziers, Fabricators,*
*Painters and Floorcoverers Pension Trust Fund*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### * * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA AND CALIFORNIA GLAZIERS, FABRICATORS, PAINTERS AND FLOORCOVERERS PENSION TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>ITZROYALTY CONSTRUCTION, INC., a California corporation; SURETEC INSURANCE COMPANY, a Texas corporation; THE NORTH RIVER INSURANCE COMPANY, a New Jersey corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-00117-APG-NJK<br><br>**STIPULATION AND PROPOSED ORDER TO EXTEND CASE DEADLINES**<br><br>**(FIFTH REQUEST)** |

The Plaintiff, Board of Trustees of the Southern Nevada and California Glaziers, Fabricators, Painters and Floorcoverers Pension Trust Fund ("Plaintiff"), and Defendant SureTec Insurance Company ("SureTec"), each acting by and through its undersigned counsel, respectfully submit this Stipulation and Proposed Order to Extend Case Deadlines (this "Stipulation"). This Stipulation constitutes the Plaintiff and SureTec's (collectively, the "Parties") fifth request for such an extension and is being entered in good faith and not for an

-1-

improper purpose. In support of this Stipulation, the Parties state as follows:

1.    On January 17, 2025, the Plaintiff filed its Complaint to, *inter alia*, compel cooperation and production of records from ITZRoyalty, perform the Audit, and seek an award from the Court for damages the Plaintiff believes it is owed. Dkt. No. 1.

2.    The Plaintiff completed service of process of Defendant SureTec on January 29, 2025. *See* Dkt. No. 10, Exhibit 1.

3.    The Plaintiff completed service of process of Defendant The North River Insurance Company ("NRIC") on January 31, 2025. *Id.*

4.    The Plaintiff completed service of process of Defendant ITZRoyalty Construction, Inc. ("ITZRoyalty") on March 3, 2025. *Id.*

5.    Defendant SureTec filed its Answer to the Complaint on February 19, 2025 [Dkt. No. 5].

6.    Defendant NRIC filed its Answer to the Complaint on March 7, 2025 [Dkt. No. 7].

7.    Defendant ITZRoyalty has neither appeared nor filed a responsive pleading in this Case. *See* Docket, generally.

8.    On April 11, 2025, the Court entered an Order requiring the Parties to file a stipulated discovery plan pursuant to Local Rule 26-1(a) by April 18, 2025 [Dkt No. 9].

9.    On April 15, 2025, the Plaintiff filed a Motion for Entry of Clerk's Default of ITZRoyalty [Dkt. No. 11].

10.    On April 16, 2025, the Parties and Defendant NRIC filed a Stipulation to Stay Proceedings as to the SureTec and NRIC (First Request) ("First Stip to Stay") [Dkt. No. 12], in which the Plaintiff and SureTec and NRIC (collectively, "Surety Defendants") requested a stay of this Case as to the Surety Defendants, only, to allow the Plaintiff additional time to obtain documents and information from third parties to allow the Plaintiff the opportunity to perform a payroll compliance audit of ITZRoyalty to confirm the accuracy of ITZRoyalty's contribution obligations to the Plaintiff ("Audit") for the period of at least March 7, 2022 through the

present ("Audit Period").

11.    On April 17, 2025, the Court entered an Order denying the First Stip to Stay for the following reasons:  (a) the First Stip to Stay fails to include any legal authority that a lengthy stay of discovery is warranted by the identified circumstances; (b) the First Stip to Stay fails to explain why three or four months would suffice for the legal proceedings and audit identified; and (c) insufficient explanation was provided as to why a desire for a firmer understanding of damages in this case suffices for a lengthy stay of discovery. *See* Dkt. No. 13 at Page 2.

12.    On April 18, 2025, the Parties and Defendant NRIC filed a Proposed Joint Discovery Plan and Scheduling Order [Dkt. No. 14].

13.    On April 21, 2025, the Court entered its Discovery Plan and Scheduling Order [Dkt. No. 15], which includes a Discovery Cut-Off Date of August 18, 2025, a Dispositive Motion Deadline of September 17, 2025, and pre-trial and ADR deadlines scheduled thereafter.

14.    On April 30, 2025, the Court Clerk entered Default against Defendant ITZRoyalty for failing to plead or otherwise defend in this action [Dkt. No. 16].

15.    The Parties and Defendant NRIC exchanged Initial Disclosures.

16.    The Plaintiff sent Discovery Requests, including Requests for Production of Documents, to Defendant ITZRoyalty, but no response was received to date. *See* Stipulation for Stay of Proceedings (Second Request) [Dkt. No. 17] ("Stip to Stay"), Declaration of Plaintiff's Counsel in Support of Stipulation to Stay Proceedings to Complete Audit (Second Request) ("Decl. of Counsel") at ¶ 4.

17.    The Plaintiff sent Subpoenas to Produce Documents, Information, or Objects to the State of California, Contractors State License Board ("CSLB"), California Employment Development Department ("CEDD"), and QuickBooks Online Payroll, Inc. ("QuickBooks") *Id.* at ¶ 5.

18.    Plaintiff received documents responsive to the CSLB, CEDD, and QuickBooks.

19.    Plaintiff's Auditor was able to obtain Certified Payroll Reports, which only

recently became available to the public after an extended period of inaccessibility, for work performed by ITZRoyalty employees during the Audit Period through the State of California Department of Industrial Relations. *See* Stip to Stay, Declaration of Auditor in Support of Stipulation to Stay Proceedings to Complete Audit (Second Request) ("Decl. of Auditor") at ¶¶ 14-15.

20.    On September 16, 2025, the Parties filed a Stipulation for Stay of Proceedings (Second Request) requesting to stay the Case and all remaining case deadlines through November 20, 2025, so that the Plaintiff's Auditor could complete the Audit and for the Parties to discuss the possibility of settlement of any claims [Dkt. No. 17].

21.    On September 18, 2025, the Court entered an Order requiring the Parties to file a Joint Status Report regarding settlement by November 20, 2025, extending the Dispositive Motions Deadline to December 11, 2025, and extending the Joint Proposed Pretrial Order Deadline to January 9, 2026, or 30 days after resolution of dispositive motions [Dkt. No. 18].

22.    It took the Plaintiff's Auditor more time to complete the Audit than anticipated, and the Audit Report was issued and sent to counsel for the Surety Defendants on November 12, 2025.

23.    On November 20, 2025, the Parties and Defendant NRIC filed a Joint Status Report and Stipulation and Proposed Order To Extend Dispositive Motion Deadline (Third Request) asking the Court for additional time to review the Audit Report and discuss the possibility of settlement of their respective claims and defenses [Dkt. No. 19].

24.    On November 21, 2025, the Court entered an Order extending the case management deadlines, as follows: (a) Joint Status Report regarding settlement due on or before December 21, 2025; (b) Dispositive Motions due January 12, 2026; and (c) Joint proposed pretrial order due February 9, 2026, or 30 days after resolution of dispositive motions [Dkt. No. 20].

25.    On December 19, 2025, the Plaintiff and Defendant NRIC filed a Stipulation for Dismissal of Plaintiff's Claims against NRIC, only ("Stip to Dismiss NRIC") [Dkt. No. 21].

26.    On December 19, 2025, the Parties and Defendant NRIC filed a Joint Status Report informing the Court that as of that date, the Parties had not reached a resolution of their claims and defenses, and inadvertently including language about seeking an extension to the dispositive motion deadline [Dkt. No. 22].

27.    On December 22, 2025, the Court entered a Minute Order reminding the Parties that a request for an extension of time to the dispositive motion deadline must be filed as a stipulation or motion and denied such a request without prejudice [Dkt. No. 23].

28.    On December 22, 2025, the Court entered an Order granting the Stipulation to Dismiss Defendant NRIC [Dkt. No. 24].

29.    The Parties resumed settlement negotiations and on January 6, 2026, the Parties filed a Stipulation to Extend Case Deadlines (Fourth Request) asking the Court, again, for additional time to discuss the possibility of settlement of their respective claims and defenses [Dkt. No. 25].

30.    On January 7, 2026, the Court entered an Order resetting the remaining case deadlines, as follows: (a) Joint Status Report regarding settlement due on or before January 27, 2026; (b) Dispositive Motions due February 9, 2026; and (c) Joint proposed pretrial order due March 11, 2026, or 30 days after resolution of dispositive motions [Dkt. No. 26].

31.    The Parties continue to participate in settlement negotiations in good faith that they anticipate will likely lead to a resolution of their claims and defenses; however, because the holidays and other matters have impacted the timing of seeking and obtaining settlement authority among the Parties, they require an additional brief extension of time in which to negotiate the terms of any such settlement in good faith and prepare and sign settlement documents.

32.    Accordingly, the Parties request that the case management deadlines be reset as follows:

    a.    Joint Status Report regarding settlement due on or before February 10, 2026;

b.      Dispositive Motions:  February 24, 2026; and

c.      Joint proposed pretrial order due March 26, 2026, or 30 days after resolution of dispositive motions.

33.     The Parties do not anticipate seeking a further extension in this Case.

**CHRISTENSEN JAMES & MARTIN, CHTD.**

By:_____*/s/ Kevin B. Archibald*_____
      Kevin B. Archibald, Esq. (NV Bar 13817)
      7440 W. Sahara Avenue
      Las Vegas, Nevada 89117
      Email: kba@cjmlv.com
      *Counsel for Plaintiff*

DATED this 27th day of January, 2026.

**THE FAUX LAW GROUP**

By:_____*/s/ Jordan F. Faux*_____
      Jordan F. Faux, Esq. (NV Bar 12205)
      2625 N. Green Valley Pkwy, #100
      Henderson, NV 89014
      Email: jfaux@fauxlaw.com
      *Counsel for Defendant Suretec Insurance Company*

DATED this 27th day of January, 2026.

## ORDER

For the reasons stated above, and for good cause, it is hereby ordered that the case management deadlines be reset, as follows:

- Joint Status Report regarding settlement:  February 10, 2026;

- Dispositive Motions:  February 24, 2026; and

- Joint proposed pretrial order due March 26, 2026, or 30 days after resolution of dispositive motions.

**IT IS SO ORDERED.**

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

DATED:_January 28, 2026_____